UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEFFIN T. McFALL,

         Plaintiff,

  v.                                     CAUSE NO. 3:21-CV-534-DRL-MGG

RON NEAL,

         Defendant.

OPINION AND ORDER

Steffin T. McFall, a prisoner without a lawyer, sues Warden Ron Neal, alleging he is responsible for a prison-wide policy of administering Narcan at will at Indiana State Prison. ECF 1. Mr. McFall was granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $46.66. ECF 4. When that went unpaid, the court ordered him to show cause why he had not paid the fee, ECF 5, and Mr. McFall submitted his prison trust fund ledgers that show he currently has no funds to pay it, ECF 6. Although the initial partial as well as any future installment payments remain due, the case may proceed to screening. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. McFall alleges that on October 27, 2020, he was administered Narcan against his will twice at Indiana State Prison.¹ He says Warden Neal instructed his employees at meetings "to use the Narcan as needed and at will." ECF 1 at 2. Mr. McFall believes this policy contributed to him being given Narcan against his will.

Mr. McFall does not state a claim against Warden Neal in his individual capacity. The complaint does not allege the warden was personally involved in the decision to use Narcan on Mr. McFall and instead relies on his supervisory role at the prison as a basis for liability. There is no supervisory liability under § 1983, which means the warden cannot be held liable for the actions of his employees without personal involvement on his part. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Personal involvement in a subordinate's constitutional violation requires supervisors to know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Taylor v. Ways*, 999 F.3d 478, 494 (7th Cir. 2021) (quotation marks omitted). This is a high standard, designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The allegations in the complaint must allow a reasonable inference that the warden "knew about or was personally involved in the specific

---

¹ Mr. McFall is proceeding against the nurse who administered the Narcan and the prison guard who held him down during its administration in a separate case on a Fourteenth Amendment claim based on a liberty interest in refusing forced medical treatment while incarcerated. *See McFall v. Bass*, No. 3:20-cv-973-DRL-MGG (N.D. Ind. filed Nov. 19, 2020). The court is permitted to take judicial notice of public records in determining whether this complaint states a claim. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

conduct." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Here, although Mr. McFall alleges the warden's purported policy to use Narcan as needed contributed to its use on him, that allegation does not allow a reasonable inference that the warden was aware of or involved in this specific incident.

Nor does Mr. McFall state a claim against Warden Neal in his official capacity. Because the warden is a state official, a suit against him in his official capacity is the same as a suit against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, Mr. McFall cannot proceed here on a claim for money damages because "a state is not a 'person' subject to a damages action under § 1983." *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) (quoting *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002)). He is limited to injunctive relief. *Id.* at 581. In a claim for injunctive relief, personal involvement is irrelevant; the warden is the proper defendant to ensure that any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[S]ince Gonzalez also seeks injunctive relief it is irrelevant whether the warden participated in the alleged violations."). To state a claim for injunctive relief against the warden in his official capacity, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002) (quotation marks and brackets omitted).

The complaint does not plausibly allege an ongoing violation of federal law with respect to Mr. McFall. The potential constitutional violation here is based on a Fourteenth Amendment liberty interest in refusing medical treatment. *See Knight v. Grossman*, 942

F.3d 336, 342 (7th Cir. 2019) ("[P]risoners retain a liberty interest in refusing forced medical treatment while incarcerated."). There is no indication that Mr. McFall is at risk of being administered another dose of Narcan against his will. Therefore, although he may receive compensation in his other lawsuit for a past constitutional violation, he has not plausibly alleged he is subject to an ongoing violation.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. McFall may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Steffin T. McFall until **February 7, 2022**, to file an amended complaint; and

(2) CAUTIONS Steffin T. McFall if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted;

(3) DENIES as moot the duplicative motion for leave to proceed *in forma pauperis* (ECF 6).

SO ORDERED.

January 4, 2022                                     *s/ Damon R. Leichty*
                                                    Judge, United States District Court